IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN C. SKINNER, Register No. 1069523, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4019-CV-C-NKL |
| | ) | |
| DEBRA REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Defendants seek dismissal of this case because plaintiff failed to exhaust his administrative remedies before filing suit and because plaintiff's official capacity claims are barred by the Eleventh Amendment. Plaintiff responded in opposition to dismissal and has requested an evidentiary hearing. The court[1] does not find an evidentiary hearing is required at this time.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit).

When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

curiam).  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

Plaintiff asserts that he was delayed in filing his grievance appeal because of the actions of corrections personnel, but that he exhausted his remedies as soon as possible.  Plaintiff's response indicates he misunderstands when responses are due in the administrative processes. Plaintiff received a response to his initial internal resolution request on December 6, 2006, and filed his responsive grievance on December 9, 2006.  Plaintiff filed his complaint with the court on January 22, 2007.  Plaintiff's grievance appeal was not filed until January 24, 2007.  Despite plaintiff's assertions, he did not properly exhaust his claims prior to filing this federal lawsuit. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, § III(L).  Plaintiff is a frequent litigator with several cases pending, and should seek assistance from prison officials if he misunderstands the grievance process and deadlines.  Further, plaintiff has not come forward with any evidence to refute defendants' evidence that he did not even attempt to exhaust his claims related to retaliatory conduct by defendants Reed and Whittle.

Defendants also seek dismissal of plaintiff's claims against them in their official capacities.  In his complaint, plaintiff indicates defendants are sued in both their individual and official capacities.

Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities.  Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).  Thus, plaintiff's claims for damages against defendants in their official capacities should be dismissed.

IT IS, THEREFORE, ORDERED that plaintiff's motion of May 21, 2007, for an evidentiary hearing is denied.  [21]  It is further

RECOMMENDED that defendants' motions of May 3 and May 11, 2007, to dismiss for plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit be granted. [16, 20]  It is further

RECOMMENDED that defendants' motion of May 11, 2007, to dismiss plaintiff's damage claims against defendants in their official capacities be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 29th day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3